# In the District Court of the United States
# For The District of South Carolina

### COLUMBIA DIVISION

| | |
|---|---|
| Grady Edward Lloyd, #220372, ) | |
| ) | Civil Action No. 9:05-2314-DCN-GCK |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Willie L. Eagleton, Warden; Joette ) | |
| D. Scarborough, Assistant Director of ) | |
| Inst. Classifications; Arthur Houston, ) | **REPORT AND RECOMMENDATION** |
| State Classifications, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## I.   INTRODUCTION

The Plaintiff, Grady Edward Lloyd ("Plaintiff" or "Lloyd"), is a state prisoner who is incarcerated in the Evans Correctional Institution ("ECI") of the South Carolina Department of Corrections ("SCDC"). Proceeding *pro se*, Plaintiff seeks relief under Title 42, United States Code § 1983 from the defendants Willie L. Eagleton, Warden ("Warden Eagleton"), Joette D. Scarborough, Assistant Director of Institutional Classifications ("Ms. Scarborough"), and Arthur Houston, State Classifications ("Mr. Houston").[1]

Plaintiff alleges he was transferred to ECI on June 24, 2005, and was threatened by another inmate, Davis Butler ("Butler"), soon thereafter. Plaintiff alleges that the Defendants acted with deliberate indifference and with reckless disregard for his safety, health, and life by planning to move him out of protective custody and into the general prison population at ECI, even though Plaintiff told the Defendants that he had been threatened by Butler, who allegedly had been in an altercation with Plaintiff's son when Butler and Plaintiff's son were

---

[1] Warden Eagleton, Ms. Scarborough, and Mr. Houston will be referred to collectively as the "Defendants".

housed at the Lieber Correctional Institution of the SCDC.[2]  The court construes Plaintiff's claims as alleging violations of the Eighth Amendment (failure to protect, causing "mental anguish") and the Fourteenth Amendment (failure to properly screen the transfer of threatening inmates).  Plaintiff seeks a temporary restraining order and other injunctive relief in the form of an order to ECI officials to transfer him to another SCDC facility.  Plaintiff specifically states in his Complaint, "I don't want no money from my claim just help to be transfer away from danger or harm to my life."  Furthermore, he states: "I do not want money on my claim or do I want the right to a trial, all I want is to be transfer for my life."[3]  However, in another part of his Complaint, Plaintiff states that he seeks monetary damages.[4]

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983[5] and submit findings and recommendations to the District Court.

---

[2]     The court notes that SCDC Correspondence from Warden Eagleton to Plaintiff which Plaintiff attached to a subsequent pleading addresses Plaintiff's allegation "that there is a 'problem' with Plaintiff being on the same 'yard' as an inmate who was involved in an altercation with [Plaintiff's] 'son' at Lieber CI."  The Correspondence informs Plaintiff: "You have completed four prior sentences within the South Carolina Department of Corrections (SCDC 100226, Y0095285, Y001860, and 121719).  You listed your mother and siblings as immediate family - no spouse and/or children.  In 1995, again you listed no spouse/children."  See Exhibit B to Plaintiff's correspondence to Defendants' Counsel.  [8-1]  However, other SCDC records indicate that Plaintiff has a son named Rico Savantonio Williams, #270814, who was housed at Lieber CI in November 2004.  Apparently, Williams had attempted, unsuccessfully, to be transferred to the SCDC facility where Plaintiff was housed.  As of June 27, 2005, approximately two months before Plaintiff filed his complaint, Plaintiff did not want to be housed at Evans CI, and his son, Williams, was at Lee CI.  According to Warden Eagleton, it was unclear whether the inmate who allegedly caused problems for Plaintiff (David Butler) at Evans CI, and Williams had staged the altercation at Lieber CI in order to manipulate Williams' transfer to the facility where his father was incarcerated.  See SCDC Memorandum attached as [10-2].

[3]     See Plaintiff's Complaint [1-1] at un-numbered pages 6-7.

[4]     See Plaintiff's Complaint [1-1] at p. 5.

[5]     42 U.S.C. §1983 provides, in pertinent part:  Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or

## II.  THE *PRO SE* AND *IN FORMA PAUPERIS* COMPLAINT

Plaintiff brought this action *in forma pauperis* ("IFP") under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs before proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious."  28 U.S.C. §§ 1915(e)(2)(B)(I), (ii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  Hence, under Section 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte* by the court.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).  The court may dismiss a claim as "factually frivolous" under Section 1915(e) if the facts alleged are clearly baseless.  *Denton v. Hernandez*, *supra*.  In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor.  *Id*.

Plaintiff also has brought this action *pro se*, which requires that his pleadings be accorded liberal construction.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th Cir. ) *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978).  Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214 (the "AEDPA").

---

immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* complaint is still subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### III. PROCEDURAL HISTORY IN FEDERAL COURT

On August 10, 2005 Plaintiff filed this action against the Defendants.[6] The Defendants filed an Answer on October 5, 2005, asserting a general denial of Plaintiff's claims; and also alleging that Plaintiff's re-classification requests were handled pursuant to SCDC policies and procedures and Plaintiff's constitutional rights were not violated; that

---

[6] Plaintiff has the benefit of the holding of *Houston v. Lack*, 487 U.S. 266 (1988) with respect to the "delivery" date of his initial filing with the court. *See* Order [4-1] filed on October 3, 2005 at p. 1, n.1.

Plaintiff failed to effect proper service of process upon the Defendants and should be dismissed pursuant to Rule 12(b)(5), F.R.C.P.; that Plaintiff had failed to exhaust his administrative remedies prior to filing suit; that Defendants were entitled to qualified immunity; that Defendants were not "persons" subject to suit under Section 1983; and that Plaintiff has failed to state a claim upon which relief can be granted as his claim was not ripe due to lack of injury. [5-1]

Plaintiff filed a reply to the Answer on October 14, 2005, again asserting, in pertinent part, that the only relief he requested was a transfer to another Level 2 Institution. [7-1] Also on that date, Plaintiff filed with the court a letter addressed to Defendants' Attorneys, offering to settle the instant action in return for being transferred to the Tyger River Correctional Institution. [8-1] The Defendants filed a Response in Opposition to Plaintiff's Motion for a temporary restraining order ("TRO") [10-1], and the undersigned denied Plaintiff's Motion for a TRO by an Oral Order issued on November 9, 2005. [12-1] Thereafter, Defendants filed a Motion for Summary Judgment and supporting memroandum and Affidavits. [15-1-1; 15-2; 15-3] On December 13, 2005, the undersigned issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Plaintiff that a motion for summary judgment had been filed and the possible consequences if he failed to respond adequately.[7] [16-1]

On January 5, 2006, Plaintiff filed a lengthy response in opposition to the Defendants' Motion for Summary Judgment. [17-1] The undersigned ordered the Defendants to file a detailed response addressing Plaintiff's arguments, and the Defendants did so. [18-1; 19-1] Plaintiff then filed a Motion for Judgment as a Matter of Law as well as a response to Defendant's Response in Opposition to Plaintiff's Motion. [20-1; 21-1] By oral order issued on February 6, 2006, the undersigned denied Plaintiff's Motion for Judgment as a matter of law. [22-1]

---

[7] The explanation to the *pro se* litigant is required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

## IV.  THE STANDARD FOR DECIDING A MOTION

## FOR SUMMARY JUDGMENT

The Defendants' Motion for Summary Judgment is governed by the holding in *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation there can be no "genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

As to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim.  The party opposing summary judgment must then designate specific facts showing that there is a genuine issue for trial.  *Celotex*.  Thus, in opposition to the motion for summary judgment, Plaintiff has the burden of pointing to substantial evidence showing triable issues of facts relating to the essential elements of the claim.  Not every factual issue will defeat a motion for summary judgment.  It is important to add that unsupported speculation by a non-moving party is insufficient to defeat a summary judgment motion.  *Felty v. Graves-Humphreys Company*, 818 F. 2d 1126 (4th Cir. 1987).  Similarly, genuine disputes of material facts are not demonstrated by the bald statements of a non-moving party in affidavits or depositions.  *Stone v. University of Maryland Medical System Corporation*, 855 F. 2d 167 (4th Cir. 1988).

## V.  DISCUSSION

### A.  Whether the Defendants Have Been Properly Served

As a threshold matter, Defendants argue that they have not been properly served with Plaintiff's Complaint.  [9-1]  Although the Plaintiff completed the USM-285 Form as to Warden Eagleton, Ms. Scarborough, and Mr. Houston, a "Denise Cannarella" signed the three USM-285 forms.  Defendants argue that service was not accomenplished on the Defendants

because service of process on individuals may be properly effected only by (1) personal service; (2) delivery to the individual's dwelling on a suitable person; (3) service on a statutory or authorized agent; or (4) registered or certified mail/return receipt requested/restricted delivery.  F.R.C.P. 4(e).  Furthermore, Defendants argue that because 120 days will have elapsed between the date the action was filed and the date that Plaintiff responds to their Motion for Summary Judgment, the Defendants are entitled to dismissal as a matter of law under Rule 12(b)(5), F.R.C.P.

The court is not persuaded by the Defendants' argument, and will take judicial notice of the Affidavit filed on March 24, 2006 as Document No. 32-1 in the case of *Mosely v. NFN O'Brien, et al.,*, Civil Action No. 2:05-1281-HMH-RCS, wherein Ms. Cannarella states:  "I am currently employed as an administrative assistance in the Office of General Counsel at the South Carolina Department of Corrections.  As part of my duties, I am responsible for the acceptance of service of lawsuits from the United States Marshal's Service on behalf of current South Carolina Department of Corrections employees."  As it is clear that Ms. Cannarella is authorized to accept service on the Defendants to this action, Defendants' argument to the contrary is without merit.

### B.  Whether Plaintiff has Exhausted his Administrative Remedies

Next, the court must address whether Plaintiff has exhausted his administrative remedies prior to filing suit.  The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions.  *See also Porter v. Nussle*, 534 U.S. 516 (2002).  Specifically, 42 U.S.C. § 1997e(a) states, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  There is no question but that the PLRA's exhaustion requirement is mandatory.  *See Anderson v. XYZ Correctional Health Serv.*, 407 F.3d 674, 676-77 (4th Cir.

2005), *citing Porter v. Nussle*, 534 U.S. at 524 ("once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory.  All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy and effective.  The effectiveness of the administrative procedure to produce the inmate's requested remedy and/or the alleged futility of the administrative remedies to produce the inmate's requested remedy are not exceptions to the exhaustion of administrative remedies requirement under the Act.").  Exhaustion must occur prior to the filing of the lawsuit or it must be dismissed.  *Anderson v. XYZ Correctional Health Serv.*, 407 F.3d at 683.

Although the Defendants raised as an affirmative defense Plaintiff's failure to exhaust administrative remedies, the Defendants do not renew this argument in their Memorandum in Support of their Motion for Summary Judgment.  [15-3]  Thus, the court assumes that Defendants concede that Plaintiff has exhausted his available administrative remedies with respect to the claim at issue prior to filing suit.

### C.  Plaintiff's Request for a Transfer

The Eighth Amendment protects a convicted inmate from physical harm at the hands of fellow inmates resulting from the deliberate or callous indifference of prison officials to specific known risks of such harm.  *Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987).  Mere negligent conduct on the part of prison officials who fail to protect a prisoner from a risk of harm posed by fellow inmates does not constitute a violation of the Eighth Amendment's prohibition against cruel and unusual punishment.  *Ruefly v. Landon*, 825 F.2d 792 (4th Cir. 1987).

In *Whitley v. Albers*, 475 U.S. 312 (1986), the Supreme Court held that:

> [t]o be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety.  ... It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause. ...

In *Price v. Sasser*, 65 F.3d 342 (4th Cir. 1995), the court held:

> The United States Supreme Court recently elaborated on the parameters of [the right to be free from violence at the hands of other inmates] in *Farmer v. Brennan*, [511] U.S. [825], 114 S.Ct. 1970, 1977 (1994), in which the Court held that "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Id.* at 1977 (quoting *Cortes-Quinones v. Jiminez-Nettleship*, 842 F.2d 556, 558 (1st Cir.), *cert. denied*, 488 U.S. 823 (1988)). The Court clarified that an inmate raising this type of Eighth Amendment claim must meet two requirements in order to establish a prima facie case. First, "the deprivation alleged must be, objectively, 'sufficiently serious' .... For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 1977 (citations omitted); *accord Taylor v. Freeman*, 34 F.3d 266, 271 (4th Cir. 1994). Second, the prison official must have acted with a "sufficiently culpable state of mind. In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." *Farmer*, 114 S.Ct. at 1977 (citations omitted); *accord Taylor*, 34 F.3d at 271.

Plaintiff's request that he be transferred to another facility allegedly because he fears for his safety does not state a claim that implicates the United States Constitution. Thirty years ago, in *Taylor v. Strickland*, 411 F.Supp. 1390 (D.S.C. 1976), Judge Hemphill held that the custody classification of an inmate in the SCDC is not a constitutional issue. *Taylor*, 411 F.Supp. at 1394 (footnote omitted). It has long been settled that an inmate does not possess the constitutional right to be housed in one prison or another. *Meachum v. Fano*, 427 U.S. 215 (1976). Similarly, the United States Supreme Court has held that an inmate has no constitutionally based liberty interest in the involuntary transfer to a different facility. *Montavne v. Haymes*, 427 U.S. 236 (1976). Thus, Plaintiff's claim is without merit.

### D.  Whether this Lawsuit Should Count as a "Strike" under Section 1915

The PLRA, which amended 28 U.S.C. § 1915, mandates that federal courts shall dismiss actions filed *in forma pauperis* if, at any time, the Court determines that the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Congress has recognized that a litigant "whose filing fees are assumed by

the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious or repetitive lawsuits." *Cain v. Commonwealth of Virginia*, 982 F.Supp. 1132, 1136 (E.D.Va. 1997), *quoting Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  The purpose of Section 1915(g) thus acts as a limitation upon the number of *in forma pauperis* actions that may be filed by an inmate at the expense of the public.

Federal courts have a responsibility to assess the nature of the allegations presented in a civil action and determine whether the plaintiff's motive is to harass and vex the defendants or to seek redress for a legitimate claim. *Cain*, 982 F.Supp. at 1136 (quotations and citations omitted).  A complaint abusive of the judicial process is malicious within the meaning of Section 1915. *Id., citing Ballentine v. Crawford*, 563 F.Supp. 627, 629 (N.D.Ind. 1983) (referring to Section 1915(d), now Section 1915(e)(2)).  After reviewing Plaintiff's allegations, this court is of the opinion that Plaintiff's lawsuit is frivolous and malicious under the PLRA, 28 U.S.C. § 1915(e)(2)(B)(1), and should be dismissed under 28 U.S.C. § 1915A(b).[8]

---

[8] Plaintiff already has accumulated two strikes under the PLRA.  *See* C.A. No. 04: 99-1454 *and* C.A. No. 04:99-2206.

## **RECOMMENDATION**

The Defendants would enjoy qualified immunity under Harlow v. Fitzgerald, 457 U.S. 800 (1982), but this issue need not be reached in light of the discussion set forth above.

It is recommended that Defenndants' Motion for **Summary Judgment [15-1] be granted.**

It is also recommended that this cause of action be **deemed a "strike"** for purposes of the "three strike rule" of the Prison Litigation Reform Act (PLRA). 28 U.S.C. § 1915(g) and 42 U.S.C. 1997(e).


       S/George C. Kosko
       United States Magistrate Judge

April 28, 2006
Charleston, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" AND The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.) 1984, *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which h eor she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue

on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir. 1985)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**